IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GOD'S TABERNACLE OF DELIVERANCE GVM,
CORDELL DEYUN BOOKER, and
J. WAYNE JOHNSON,

        Plaintiffs,

v.                                            Civil Action No. 3:12-CV-4435-K-BK

HERRING BANK, CHURCH LOANS &
INVESTMENT TRUST, INC.,
CHURCHLOANS.COM, et al.,

        Defendants,

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Defendant Church Loans & Investment Trust Inc., Churchloans.com, and Herring Bank's *Motion to Remand*. (Doc. 5). For the reasons set forth herein, Defendants' *Motion to Remand* (Doc. 5) should be granted.[1]

**BACKGROUND**

In December 2011, Plaintiffs initiated this quiet title action against Defendants in state court seeking to prevent a foreclosure sale. (Doc. 3 at 7-13, 20-21). By March 2012, all of the above Defendants had answered and filed general and special exceptions. (Doc. 3 at 57-59, 68-69; Doc. 3-1 at 40-41). The case was thereafter litigated in the state court for several months until Plaintiffs filed the instant notice of removal in November 2012. (Doc. 3 at 1).

---

[1] Although there is no binding precedent in this Circuit addressing whether a magistrate judge may adjudicate a motion to remand, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp.2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

Defendants have now moved to remand the case to state court. (Doc. 5). Defendants argue that Plaintiffs cannot remove a case from state court to federal court because they had their choice of forum when they filed this action. *Id.* at 2. Further, they contend that the notice of removal is untimely. *Id.* Plaintiffs have not responded to Defendants' motion.

## APPLICABLE LAW AND ANALYSIS

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, a notice of removal must be filed within 30 days after receipt of a copy of the state court petition or service of the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). In this case, Plaintiffs have attempted to remove their own action from the state court where they filed it. This is clearly not permitted by the removal statute. 28 U.S.C. § 1441(a). Even if it were, the removal attempt is untimely as Plaintiffs filed their notice of removal at least seven months after Defendants received their state court petition. 28 U.S.C. § 1446(b)(1). Accordingly, because the notice of removal was improperly filed, this case should be remanded to state court.

## CONCLUSION

For the foregoing reasons, Defendant Church Loans & Investment Trust Inc., Churchloans.com, and Herring Bank's *Motion to Remand* (Doc. 5) should be **GRANTED**.

**SO RECOMMENDED** on December 11, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE